**Albert WHITE, Plaintiff,**

v.

**A D M MILLING COMPANY, Defendant.**

**No. 79–1107–CV–W–9.**

United States District Court, W. D. Missouri, W. D.

March 31, 1982.

## MEMORANDUM AND ORDER CONCERNING ADMISSIBILITY OF EEOC DOCUMENTS AND DAMAGES FOR MENTAL DISTRESS UNDER 42 U.S.C. § 1981

BARTLETT, District Judge.

Following a pretrial conference in this action counsel were ordered to file and serve on or before January 15, 1982, "any motion anticipating a legal issue such as damages or the admissibility of the EEOC file." See Order of November 23, 1981. Plaintiff has filed Suggestions in Support of the Admissibility into Evidence of the Files of the Equal Employment Opportunity Commission and Suggestions in Support of the Submission to the Jury of the Issue of Compensatory Damages for Mental Distress under 42 U.S.C. § 1981. Plaintiff's suggestions will be treated as motions in limine. The Court has considered plaintiff's suggestions, defendant's suggestions in opposition, plaintiff's reply suggestions, and defendant's reply suggestions in opposition.

### DAMAGES FOR MENTAL DISTRESS

Plaintiff's first amended complaint consists of two counts, both of which allege employment discrimination on the basis of race. Count I is brought pursuant to Title VII of the Civil Rights Act of 1964, and Count II is brought pursuant to 42 U.S.C. § 1981.

Plaintiff argues that the request for "damages" in Count II is sufficient to permit recovery of damages for mental distress because mental distress damages are general compensatory damages under Rule 9(g), Federal Rules of Civil Procedure. Defendant responds that without a specific request damages for emotional distress are not recoverable in a § 1981 action. Furthermore, defendant notes that plaintiff previously requested leave to amend his complaint to add a claim for damages for emotional distress which was denied.

Count II incorporates by reference various paragraphs from Count I. Paragraph 13 of Count I incorporated into Count II states: "... Plaintiff suffered damages in

Ronald Finley, Kansas City, Mo., for plaintiff.

Mark S. Foster, Kansas City, Mo., for defendant.

the nature of wages lost as a result of defendant's pattern and practice of discriminating against plaintiff." The restrictive import of "in the nature of" is inconsistent with the general language of the Count II prayer which states in part: "... prays for *damages* against the defendant, for back pay accrued since the date of his termination from ADM, reinstatement, *and* for such other relief as the Court may deem fair and equitable." (Emphasis supplied.)

On May 11, 1981, plaintiff requested leave to file a second amended complaint. The proposed amendment to Count II attempted to clarify that plaintiff was seeking damages for back pay, *and* for lost wages and benefits *and* for mental distress. The request for leave to amend was denied without referring to this proposed amendment. See Order dated May 20, 1981.

Because the Count II prayer could be read as a general request for compensatory damages, *and* back pay *and* reinstatement, we reach the question posed by plaintiff: In a § 1981 case, does a request for general compensatory damages permit plaintiff to introduce evidence that plaintiff suffered mental distress as a result of defendant's alleged conduct?

42 U.S.C. § 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. §§ 1981 and 1982 are derived from § 1 of the Civil Rights Act of 1866. *Jones v. Mayer Co.*, 392 U.S. 409, 422, 88 S.Ct. 2186, 2194, 20 L.Ed.2d 1189 (1968). The Civil Rights Act of 1866 was designed to enforce the Thirteenth Amendment eradicating those badges and incidents of slavery which restrained the exercise by black people of fundamental rights. Therefore, the 1866 Civil Rights Act prohibited all

racial discrimination with respect to the exercise of the basic rights enumerated. *Id.* at 422–444, 88 S.Ct. at 2194–2205.

■■ § 1981 does not explicitly provide a remedy. However, the existence of a statutory right implies the existence of all necessary and appropriate remedies to make good the wrong done. *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969) and *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Where the command of a federal statute is disregarded and when damage results to a member of the class protected, the right to recover compensatory damages is implied. *Sullivan v. Little Hunting Park, Inc., supra*, 396 U.S. at 239, 90 S.Ct. at 405. See also *Carey v. Piphus*, 435 U.S. 247, 254–258, 98 S.Ct. 1042, 1047–1049, 55 L.Ed.2d 252 (1978).

Federal standards provided in 42 U.S.C. § 1988 govern the nature of compensatory damages recoverable. *Sullivan v. Little Hunting Park, Inc., supra*, 396 U.S. at 240, 90 S.Ct. at 406.

... This means, as we read § 1988, that both federal and state rules on damages may be utilized, whichever better serves the policies expressed in the federal statutes. Cf. *Brazier v. Cherry*, 5 Cir., 293 F.2d 401. The rule of damages, whether drawn from federal or state sources, is a federal rule responsive to the need whenever a federal right is impaired.

*Id.*

■ In this § 1981 case the "federal right which is impaired" is plaintiff's right not to be discriminated against because of his race in making and enforcing an employment contract. If plaintiff can establish employment discrimination because of his race, he is entitled under *Sullivan* to recover compensatory damages. Compensatory damages under 42 U.S.C. § 1983 may include in an appropriate case mental and emotional distress. *Carey v. Piphus, supra.* "The award of compensatory damages for humiliation or emotional suffering is an appropriate remedy for deprivation of a

constitutional right." *Id.* at 1272. Likewise, compensatory damages for mental distress are an appropriate remedy under § 1981.

■■ Certainly, rights derived from the Thirteenth Amendment and the Civil Rights Act of 1866 deserve no less protection than rights derived from the Fourteenth Amendment and the Civil Rights Act of 1964. Therefore, plaintiff in this § 1981 case may introduce evidence of mental distress as part of his claim for compensatory damages.

Defendant suggests that it will be prejudiced by a ruling shortly before the April 12, 1982, trial setting permitting introduction of evidence on mental distress. Therefore, discovery will be reopened until April 5, 1982, for the limited purpose of deposing plaintiff on his mental distress claim. Plaintiff's counsel is directed to make plaintiff available for his deposition during this period at a time convenient for both plaintiff's and defendant's counsel.

### ADMISSIBILITY OF EEOC FILES

Plaintiff seeks a ruling on the admissibility of "the contents of the EEOC file concerning the White Charges of Discrimination # 071790432, which includes the Charges of Discrimination itself and a multipage handwritten document entitled Charging Party Discharge Questionnaire. (In addition, plaintiff may wish to introduce White Charges of Discrimination # 071781155, a multipage document consisting of the Charge and Questionnaire.)"

Without examining the documents in question and without being advised of the specific purpose for which admission is sought, the Court is unable to rule on the request insofar as the § 1981 action is concerned. On or before April 5, 1982, counsel for plaintiff should submit to the Court and opposing counsel a copy of each document from the EEOC file for which a ruling is requested together with a specific statement of the purpose for which each document will be offered in evidence before the jury.

Insofar as the Title VII claim is concerned, the documents will be received in evidence subject to objection.

For the foregoing reasons it is ORDERED that:

(1) Plaintiff may introduce evidence of mental distress as part of plaintiff's claim for compensatory damages.

(2) Discovery is reopened from the date of this Order until April 5, 1982, for the limited purpose of affording defendant an opportunity to depose plaintiff on plaintiff's claim of mental distress.

(3) On or before April 5, 1982, plaintiff will file copies of all documents from the EEOC file which he intends to offer in evidence before the jury on his § 1981 claim together with a statement for each document of the purpose for which the document will be offered in evidence. Absent exceptional circumstances, no document from the EEOC file not tendered pursuant to this Order will be admitted in evidence.

(4) All documents from the EEOC file will be received in evidence in the Title VII nonjury action subject to objection by defendant.